IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action File No. |
| ) | |
| HORNBEAM SPECIAL ) | 1:17-cv-3094-WMR |
| SITUATIONS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PATRICIA BRANDMEIER ROBINSON AS EXECUTOR OF THE ESTATE OF JERRY L. ROBINSON'S MEMORANDUM OF LAW IN SUPPORT OF HER <u>MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW, Defendant Patricia Brandmeier Robinson as Executor of the Estate of Jerry L. Robinson (the "**Estate**"), pursuant to Fed. R. Civ. P. 56, and files this Memorandum of Law in Support of her Motion for Summary Judgment as to Counts I, II, IV, V and VI[1] of the Federal Trade Commission's ("**FTC**") Second Amended Complaint for Injunctive and Other Equitable Relief ("**SAC**"), and shows the Court as follows:

---

[1] Counts III and VII do not seek any relief against Jerry Robinson. Thus, these are all of the claims asserted against the Estate in the SAC.

## **PRELIMINARY STATEMENT**

The FTC filed this action in August 2017, alleging violations of (1) Section 5(a) of the FTC Act (the "**Act**"); (2) Section 4 of the Restore Online Shoppers' Confidence Act ("**ROSCA**"); and (3) Section 3(c) of the Telemarketing Act, the Telemarketing Sales Rule (the "**TSR**").

First, the SAC seeks <u>monetary relief</u> pursuant to <u>Section 13(b)</u> of the Act. However, as set forth below, on April 22, 2021, the United States Supreme Court held unanimously that the FTC cannot seek monetary relief under Section 13(b) of the Act, because Section 13(b) only provides for injunctive relief. *AMG Capital Management, LLC v. FTC,* 141 S. Ct. 1341, 1347 (2021).

The SAC also seeks <u>monetary relief</u> pursuant to <u>Section 19</u> of the Act for the alleged violations of the Act, as well as ROSCA and the TSR. However, before seeking monetary relief under Section 19 of the Act, the FTC is required to follow the administrative procedures outlined in Section 5 of the Act for the issuance of a cease and desist order, and it must do so within 3 years of the alleged violation(s). (*Id.* at 1346, 1349). Thus, the FTC's claims for monetary relief under Section 19 are barred because the FTC failed to comply with the administrative procedures or the time limitations applicable to Section 19.

In addition, throughout years of discovery, the FTC repeatedly indicated that it sought a total of $16 million in monetary relief pursuant to Section 13(b) only – but it never indicated any amount of monetary relief sought pursuant to Section 19 for violations of the Act. Moreover, with respect to the alleged violations of ROSCA and the TSR, which admittedly only constitute a portion of the sales at issue, the FTC never identified which sales it claims violated ROSCA or the TSR, nor specified the amount of damages sought for those alleged violation(s) or the method of calculation of such damages. Thus, the Estate is also entitled to summary judgment as to all claims for monetary relief pursuant to Section 19 of the Act because the FTC failed to identify any monetary relief it seeks under Section 19 of the Act for any of the alleged violations, or the basis for calculating such relief.

Finally, the SAC seeks injunctive relief pursuant to Section 13(b) of the Act to enjoin future violations of the Act. However, the FTC is not entitled injunctive relief under Section 13(b) because Jerry Robinson is deceased – and therefore, the FTC cannot possibly have a "reason to believe" that he "is committing or is about to commit" a violation of the Act.

Accordingly, the Estate is entitled to summary judgment as to Counts I, II, IV, V and VI of the SAC seeking injunctive and monetary relief against Jerry Robinson pursuant to Section 13(b) and Section 19 of the Act.

## **UNDISPUTED MATERIAL FACTS**

The SAC alleges violations of Section 5(a) of the FTC Act by Jerry Robinson in connection with the sale of Discount Club memberships from October 2013 through June 2016 (SUMF, ¶ 1), and that "[i]n numerous instances," the sale of the Discount Club memberships also violated ROSCA and the TSR. (SUMF, ¶¶ 2, 3).

Throughout discovery, the FTC has indicated that it is seeking equitable monetary relief from Jerry Robinson, including restitution, refund(s) and disgorgement, pursuant to Section 13(b) of the Act, in the amount of $16,220,921. (SUMF, ¶ 4). This amount represents the gross revenues from all sales of Discount Club memberships by Defendants from October 2013 through June 2016, less the amount of bank returns. (*Id.*)

Throughout discovery, in its Initial Disclosures and multiple Interrogatory responses, while indicating that it is seeking to recover $16,220,921 (less prior refunds) pursuant to Section 13(b) of the Act, the FTC has never identified or itemized any monetary relief it seeks under Section 19 of the Act. (SUMF, ¶ 6). In fact, in its Initial Disclosures (as twice amended), under "Injunctive and Equitable Monetary Relief", the FTC identified Section 13(b) as the sole statute, code or regulation under which it is seeking monetary relief in this action. (SUMF, ¶ 5).

4

Furthermore, the FTC has never identified which Discount Club sales it contends violated ROSCA, how much (if any) monetary damages it is seeking for alleged violations of ROSCA, or the method or basis for the calculation of any such relief as to each Defendant. (SUMF, ¶ 7). Likewise, the FTC has never identified which Discount Club sales it contends violated the TSR, how much (if any) monetary damages it is seeking for alleged violations of the TSR, or the method or basis for the calculation of any such relief as to each Defendant. (SUMF, ¶ 8).

The Hornbeam Entities (including Jerry Robinson) ceased direct telemarketing of the Discount Clubs in mid-2015, and the last alleged violation of the Act or ROSCA occurred in June 2016. (SUMF, ¶ 9). However, prior to filing this action, the FTC did not invoke its administrative procedures under Section 5(a) of the Act; did not file a complaint with the ALJ by mid-2018 with respect to the alleged violations of the TSR or by June 2019 with respect to the alleged violations of the Act or ROSCA; and it never issued a cease and desist order with respect to Jerry Robinson (or any of the Defendants). (SUMF, ¶ 10).

Mr. Robinson passed away on November 15, 2017 and his Estate was substituted in this action. (SUMF, ¶ 11).

## ARGUMENT AND CITATION OF AUTHORITIES

A. **THE FTC IS PRECLUDED FROM SEEKING MONETARY RELIEF UNDER SECTION 13(b) OF THE ACT.**

Section 13(b) of the Act provides that whenever the FTC "has reason to believe" that a person "is violating, or is about to violate," any provision of the Act, it can seek injunctive relief from the court, including a temporary restraining order, a preliminary injunction, and "in proper cases," a court-ordered permanent injunction. 15 U.S.C. § 53(b).

Here, the SAC seeks monetary relief against the Estate, jointly and severally, including restitution, refund(s) and disgorgement, under Section 13(b) of the Act. (SAC, ¶ 642). However, the United States Supreme Court has unanimously held that

> Section 13(b) does not authorize the [FTC] to seek, or a court to award, equitable monetary relief such as restitution or disgorgement.

*AMG Capital,* at 1341. As the Court noted, the express language of Section 13(b) refers only to injunctions and does not mention monetary damages. (*Id.*) Moreover, Section 13(b) clearly has a limited purpose of preventing future violations of the Act. Indeed, relief under this Section is only available when the FTC has reason to believe that a person "is violating, or is about to violate," the Act. Requiring the threat of future violation would not be a likely predicate for retrospective monetary relief.

6

(*Id.* at 1348). Thus, "[t]aken as a whole, [Section 13(b)] focuses upon relief that is prospective, not retrospective." (*Id.*) In other words, Section 13(b) only provides for injunctive relief, not for monetary relief.

Accordingly, the Estate is entitled to summary judgment on this claim because, as a matter of law, the FTC is not authorized to seek, and the Court is not authorized to award, monetary relief under Section 13(b) of the Act.

## A. THE FTC IS PRECLUDED FROM SEEKING MONETARY RELIEF UNDER SECTION 19 OF THE ACT.

### 1. Failure to comply with conditions and limitations required by Section 19

Likewise, the ruling in *AMG Capital* forecloses the FTC's ability to recover monetary relief from the Estate under Section 19 of the Act because it failed to comply with the conditions and limitations under Section 19. Specifically, Section 5 of the Act authorizes the FTC to enforce the Act through its own administrative proceedings, and sets forth the administrative process in detail. 15 U.S.C. § 45(b). First, if the FTC believes a party "has been or is" violating the Act, it may file a complaint before an Administrative Law Judge ("ALJ"), and upon a finding of a violation, the ALJ will issue a cease and desist order. As noted in *AMG Capital,* the FTC can only seek monetary relief under Section 19 after first obtaining a final cease and desist order. *AMG Capital,* at 1346, citing § 57b(a)(2). Furthermore,

7

> § 19 applies only where the [FTC] begins its § 5 process within three years of the underlying violation and seeks monetary relief within one year of any resulting final cease and desist order. 15 U.S.C. § 57b(d).

*AMG Capital,* at 1349. Thus, the FTC must not only obtain a final cease and desist order before seeking monetary relief under Section 19, it must do so within 3 years of the alleged violation of the Act.

In this case, the last alleged violation of the Act by Jerry Robinson was in June 2016. (SAC, ¶ 347; *also see,* ¶¶ 33, 43, 202-447). Thus, the FTC had until June 2019 to bring a Section 5 administrative proceeding to issue a cease and desist order. It did not do so and therefore, any claim for monetary relief under Section 19 is time barred. Notably, within the enforcement framework under the Act, the FTC could have sought *injunctive* relief under Section 13(b) during the pendency of the administrative proceedings if there were ongoing violations; but for *monetary* relief, it had to first follow the administrative procedure in Section 5 within 3 years of the alleged violation, and then seek monetary relief under Section 19 within 1 year of the final cease and desist order. Indeed, the Supreme Court succinctly outlined the FTC's three-pronged enforcement authority and framework under the Act:

> The [FTC] may obtain monetary relief by *first* invoking its administrative procedures [under § 5] *and then* § 19's redress provisions (*which include limitations*). And the [FTC] may use § 13(b) to *obtain injunctive relief* while administrative proceedings are foreseen or in progress, or when it seeks only injunctive relief.

*AMG Capital,* at 1349 (emphasis added). But the Court expressly noted that the FTC cannot use Section 13(b) to bypass the conditions and time limitations in Section 5 and Section 19. Likewise, it cannot proceed under Section 19 without first complying with the administrative process and applicable time limitations under Section 5.

Thus, the Estate is entitled to summary judgment on the FTC's claim for monetary relief under Section 19 because it failed to follow the requisite administrative procedure under Section 5 by first filing a complaint before an ALJ for a cease and desist order within 3 years of the alleged violation(s).

### 2. Failure to identify/specify any damages under Section 19 during discovery.

The Estate is also entitled to summary judgment on the FTC's claim for monetary relief under Section 19 because during discovery, it never identified any monetary relief that it seeks under that Section. For instance, in its Initial Disclosures, under the section for "Injunctive and Equitable Monetary Relief," the FTC identified *only Section 13(b)* as the statute applicable to the relief it is seeking in this action. (SUMF, ¶ 5). Moreover, the FTC's Initial Disclosures provided a "computation of any category of damages" which included the total damages sought under Section 13(b) – all Discount Club revenues (less prior returns) that were

processed by the Hornbeam Entities from October 2013 through June 2016, which it estimated to be $16,220,921. (SUMF, ¶ 6). However, since only a portion of the transactions at issue were conducted by telephone (subject to the TSR) or by internet with a negative consent option (subject to ROSCA), the FTC has clearly failed to provide any identification or computation of damages for alleged violations of ROSCA and/or the TSR. (SUMF, ¶¶ 2, 3).

Also, in response to numerous Interrogatory requests seeking the FTC's calculation of monetary relief, the FTC clearly and repeatedly provided its calculation of monetary relief under Section 13(b) only. (SUMF, ¶ 4). But the FTC failed to provide any identification of the transactions or consumer payments that it alleges violated ROSCA or the TSR, and never provided any calculation of damages under Section 19 for these alleged violations within the applicable statute of limitations. (SUMF, ¶¶ 7, 8).

Thus, the Estate is also entitled to summary judgment on the FTC's claim for monetary relief under Section 19 because it failed to identify in discovery what (if any) damages it is seeking under Section 19, opting instead to seek monetary damages pursuant to Section 13(b) only.

## C. THE FTC IS PRECLUDED FROM SEEKING INJUNCTIVE RELIEF AGAINST JERRY ROBINSON'S ESTATE UNDER SECTION 13(b) OF THE ACT.

Lastly, the FTC's claims for injunctive relief under the FTC Act are also subject to summary judgment because Mr. Robinson is deceased. In order to obtain injunctive relief under Section 13(b) of the Act, the FTC must show that it has a "reason to believe" that a party "is committing or is about to commit" a violation of the Act. It is an "improper use of Section 13(b) to pursue long-past [conduct]," when a defendant "indisputably is not currently violating the law." *FTC v. Shire ViroPharma, Inc.*, 917 F. 3d 147, 161 (3dr Cir. 2019). Thus, to obtain an injunction under Section 13(b), the FTC must show ongoing or imminent future violations of the Act.

Accordingly, the Estate is entitled to summary judgment on the FTC's claim for injunctive relief under Section 13(b) because the FTC cannot possibly show that it has a "reason to believe" that Mr. Robinson "is violating, or is about to violate," any provision of the Act.

## CONCLUSION

For the foregoing reasons, the Estate's Motion for Summary Judgment must be GRANTED with respect to all claims for injunctive and monetary relief under Section 13(b) and Section 19 of the Act.