## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**FEDERAL TRADE COMMISSION,**

**Plaintiff,**

**v.**

**HORNBEAM SPECIAL SITUATIONS, LLC, et al.,**

**Defendants.**

**Case No. 1:17-CV-03094-WMR**

### DEFENDANT GUADALUPE L. ANDREWS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHET ANDREWS MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

### I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant Guadalupe Andrews, as personal representative of the Estate of Chet Andrews ("Estate"), hereby moves for summary judgment on Counts III and VII against the Estate and, because those are the only claims against the Estate, dismissal of the Estate as a defendant in this action.

Summary judgment on Counts III and VII is warranted because Plaintiff Federal Trade Commission ("FTC") is not entitled to monetary or injunctive relief under either Section 13(b) or Section 19 of the FTC Act, 15 U.S.C. §§ 53 and 57b.

On April 22, 2021, the Supreme Court of the United States ruled that monetary relief is not a remedy for the FTC in actions brought under Section 13(b).  *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021).  Furthermore, the FTC failed to timely identify any monetary relief that it is seeking pursuant to its claims under Section 19 of the FTC Act, and the FTC should be prohibited from relying on untimely disclosed evidence.  Finally, the FTC's claims for injunctive relief against the Estate are moot because the original defendant, Chet Andrews, passed away after this litigation was initiated four years ago.

Because the FTC is not entitled to relief on any of its claims against the Estate, summary judgment should be entered in the Estate's favor on Counts III and VII and the Estate should be dismissed as a defendant.

## II. UNDISPUTED MATERIAL FACTS

The FTC counts against the Estate are limited to Count III, brought under Section 13(b) of the FTC Act, and Count VII, brought under Section 19 of the FTC Act.   Statement of Undisputed Material Facts ("SUF") ¶ 1.  Only on August 2, 2021, did the FTC disclose any calculation of damages that it intends to rely on for Count VII.  SUF ¶ 2.  Prior to providing this discovery, the FTC had disclosed only the relief sought under Section 13(b) of the FTC Act – relief which is now foreclosed by the *AMG* decision – and had never identified the relief sought under

Section 19 of the FTC Act.  SUF ¶ 3.  Mr. Andrews passed away during the

pendency of this litigation, and notice of his death was filed on July 9, 2018.  SUF

¶ 4.

### III. ARGUMENT

**A.    Standard for Summary Judgment**

Under Federal Rule of Civil Procedure 56, the court shall grant summary

judgment when "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   To avoid

summary judgment, the nonmoving party must make "enough of a showing that the

jury could reasonably find for that party." *Gilliard v. Ga. Dep't. of Corrections*,

500 F. App'x 860, 863 (11th Cir. 2012) (citation omitted).

**B.    The FTC is Foreclosed from any Relief Under Count III**

Count III seeks injunctive and monetary relief against the Estate under

Section 13(b) of the FTC Act.  In the *AMG* decision, the Supreme Court held that

only injunctive relief may be obtained for actions brought under Section 13(b) of

the FTC Act. 141 S. Ct. at 1349.  Because of the *AMG* decision, monetary relief is

not available against the Estate under Section 13(b).  Further, Mr. Andrews passed

away after this case was filed, which moots the FTC's claim for injunctive relief

against him.  *Cf. Thomas v.* Bryant, 614 F.3d 1288 (11th Cir. 2010) (concluding

that deceased plaintiff's claims for injunctive and declaratory relief were moot).

As the sole remedy available to the FTC under Count III is injunctive relief, which

would prohibit Mr. Andrews from certain activities, and as Mr. Andrews has

passed away, Count III is now moot as to Mr. Andrews.

## C.    The FTC is Foreclosed from any Relief Under Count VII

The FTC's only other claim against the Estate is Count VII under Section 19

of the FTC Act for alleged violations of the Telemarketing Sales Rule, 16 C.F.R.

§ 310 *et seq.*  But until August 2, 2021, well after the close of discovery and in

violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), (e)(1)(A), the FTC

had provided no information regarding the monetary amounts it is seeking to

recover under Section 19.  As a result, the only evidence supporting the FTC's

claim under Section 19 is barred by Federal Rule of Civil Procedure 37(c)(1),

which prohibits a party from using evidence it untimely disclosed unless the late

disclosure was substantially justified or harmless.  *Circuitronix, LLC v. Kinwong

Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1307 (11th Cir. 2021).  And without that

evidence, Count VII fails as a matter of law.

Here, the FTC's August 2, 2021 disclosure of its alleged damages under

Section 19 is undoubtedly untimely and not substantially justified.  Phase one

discovery closed on October 31, 2018, phase two fact discovery closed on

4

September 30, 2020, and expert discovery closed on January 8, 2021.  SUF ¶ 5.

Only last week, at the eleventh hour, four months after entry of the Supreme

Court's decision in *AMG*, eight months after that case was argued before the

Supreme Court, over a year since *certiorari* was granted, almost two years after the

petition for writ of *certiorari* was filed, and only a week before motions for

summary judgment are due before this Court, did the FTC submit discovery

addressing their claims for relief under Section 19 of the FTC Act.  SUF ¶ 7.

These disclosures are several months late and an undetermined number of dollars

short.

The late disclosure also prejudiced the Estate's ability to prepare a defense.

In its August 2 disclosure, the FTC is attempting to itemize claims for monetary

relief against the Estate and all other defendants.  The core allegations made by the

FTC in this case relate to internet-based activity while the supplemental discovery

provided eight days ago relates to alleged telemarketing activities by the

Defendants.  Had this information been provided in a timely fashion – for example,

before the close of phase one discovery nearly three years ago – the Estate (and the

other Defendants) would have been able to properly fashion a discovery plan to

prepare a defense for these claims.  The late submission of this data presents this

Court with the prospect of being asked to re-open discovery to allow the

Defendants to investigate these claims.  Given the age of this case, re-opening the case for discovery is not harmless.  As such, the Court should rely exclusively on the previously submitted documents from the FTC, which fail to assert any specific amounts to be recovered under Section 19 of the FTC Act, and thereby grant the Estate's motion for summary judgment as to Count VII.

A party's late disclosure of evidence can produce a situation, such as that before the Court, wherein a responding party is compelled to move for discovery to be re-opened.  Courts confronted with such situations must evaluate if the circumstances are such that, rather than re-open the case, the appropriate remedy is to simply preclude the new evidence.  The Eleventh Circuit has held that re-opening discovery at a late stage in a case can cause significant harm and affirmed district courts which have simply precluded the new evidence.  *City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896 (11th Cir. 2013) ("The Localities also argue that its failure to provide a damage calculation was harmless because the OTCs had long known their methodology for calculating breakage damages. However, because we agree with the district court that reopening discovery at this stage in the proceedings would constitute significant harm, the district court did not abuse its broad discretion in concluding that the Localities' failure to provide a calculation of breakage damages was not harmless."); *see also WBY, Inc., v.*

*Dekalb Cnty., Ga.*, 766 F. App'x 852 (11th Cir. 2019) ("Although Follies may have been aware of the evidence, the County does not address the district court's finding that additional discovery would have been necessary to remedy the County's failure to produce the evidence. Based on that finding, the district court reasonably concluded that the non-disclosure was not harmless, particularly in light of the court's justified concerns about how the County intended to use the evidence.")

A very similar situation was recently addressed by the District Court for the Central District of California in *Federal Trade Commission v. Cardiff*, 18-CV-2104 (C.D. Cal. June 29, 2021). SUF ¶ 8. In *Cardiff*, the FTC sought relief under Sections 13(b) and 19 of the FTC Act. *Id.* at 1. As here, the FTC's initial disclosures only related to damage calculations under Section 13(b). *Id.* at 6. After the Supreme Court's decision in *AMG*, and long after the close of discovery, the FTC disclosed additional discovery related to the calculation of damages under Section 19 of the FTC Act – this disclosure was long after the close of discovery. *Id.*

In considering the defendant's motion for summary judgment, the court analyzed the duties imposed on the FTC under Rule 26 to timely disclose computations of damages and supplement or correct the disclosures in a timely

manner.  *Id.*  It took note of Rule 37's provisions to preclude the use of discovery that was disclosed in an untimely fashion.  *Id.*  The court held that where, "late disclosure of damages would likely require the Court to 'create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date,' a failure to disclose is not harmless."  *Id.* at 8 (citing *Hoffman v. Constr. Protective Servs. Inc.,* 541 F.3d 1175 (9th Cir. 2008)).  Relying on this standard, the court determined that the late disclosure was not harmless.  *Id.*  The court held that the "public's interest in expeditious resolution of this litigation and the Court's interest in managing its docket weigh decisively in favor of excluding the late blooming ROSCA [the claim under Section 19] damages evidence."  *Id.* at 9.  Having thus concluded that the late evidence should be precluded, the court then took notice of the fact that all other previously submitted evidence related only to relief sought under Section 19 of the FTC Act, and therefore held that, in "the absence of any other theory of monetary relief after *AMG*, the Court concludes that the FTC cannot recover damages for consumers in this action."  *Id.* at 9-10.

The current matter before this Court closely parallels the proceedings in the *Cardiff* case.  In both the instant case (filed in 2017) and *Cardiff* (filed in 2018), the FTC failed to specify the Section 19 damages calculation, allowed the discovery deadlines to expire without specifying Section 19 damages, took no

efforts to supplement or amend during the lengthy saga of *AMG*'s course through the Supreme Court, and only rushed to supplement discovery after an adverse decision in *AMG*.  As did the court in *Cardiff*, this Court should exclude the untimely disclosed evidence of damages and hold that the remaining evidence proffered by the FTC fails to set out any basis upon which it may receive monetary relief under Count VII.  Accordingly, the Estate respectfully submits that this motion for summary judgment should be granted.

Finally, as with the injunctive relief available to the FTC under Count III, the Estate respectfully submits that injunctive relief under Count VII is also moot.

## IV. CONCLUSION

Based on the foregoing reasons, the Estate respectfully requests that the Court grant this motion for summary judgment in favor of the Estate on Counts III and VII and dismiss the Estate as a defendant in this action.

Dated:  August 10, 2021                    CAPLAN COBB LLP

By:  */s/ Michael A. Caplan*
Michael A. Caplan, Esq.
Georgia Bar No. 601039
Julia B. Stone, Esq.
Georgia Bar No. 200070
75 Fourteenth Street NE
Suite 2750
Atlanta, GA 30309

9

(404) 596-5600

GARDNER, BREWER, MARTINEZ-
MONFORT

By: */s/ Richard P. Lawson*
     Richard P. Lawson, Esq.
     *admitted pro hac vice*
     400 N. Ashley Dr., Suite 1100
     Tampa, FL 33602
     (813) 221-9600

*Attorneys for the Estate of Chet Andrews*

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

This 10th day of August, 2021.

<div style="margin-left: 50%;">

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street NE, Suite 2750
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
*mcaplan@caplancobb.com*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this day, I caused a true and correct copy of this document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 10th day of August, 2021.

<div style="margin-left:auto;">

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street NE, Suite 2750
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
*mcaplan@caplancobb.com*

</div>