UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CASE NO: 1:17-cv-03094-WMR |
| v. ) | |
| ) | |
| **HORNBEAM SPECIAL** ) | |
| **SITUATIONS, LLC, et al.** ) | |
| ) | |
| **Defendants.** / | |

## EARL ROBINSON'S AND JAMES MCCARTER'S JOINT TRIAL BRIEF

**COME NOW** Defendant Earl Robinson and Defendant James McCarter and submit to the Court their Trial Brief outlining the important legal issues to be addressed at the trial of this matter.

Defendants believe there is no direct admissible evidence in the record of this case or that which will be admitted at trial to trigger individual liability pursuant to the Federal Trade Commission Act (FTC Act), the Restore Online Shoppers Confidence Act (ROSCA) and/or the FTC's Telemarketing Sales Rule. Plaintiff's guilt by association theories are not the proper standard to establish Earl Robinson or James McCarter liable for the conduct of the corporate or other individuals who have been dismissed by the FTC.

-1-

1. **Standard to Establish Individual Liability**

An alleged violation of ROSCA is treated as a violation of section 18 of the FTC Act - 15 U.S.C. §8404(a). Similarly, an alleged violation of the Telemarketing Sales Rules is treated as a violation of a rule pursuant to section 57a of the FTC Act - 15 U.S.C. §6102(c)(1). Thus, the standard for individual liability to apply to Earl Robinson or James McCarter is the same under each claim asserted by Plaintiff. *See FTC v. Partners in Health Care Association, Inc.*, 189 F.Supp.3d 1356, 1368 (S.D. Fla. 2016). Plaintiff must prove, through the admission of evidence and testimony, an individual defendant had knowledge of the unlawful practices and participated directly in the practices or had authority to control the practices or acts. *See FTC v. On Point Capital Partners, LLC*, 17 F.4th 1066, 1083 (11th Cir. 2021); *FTC v. Gem Merchandising Corporation*, 87 F.3d 466, 470 (11th Cir. 1996); *FTC v. Hornbeam Special Situations, LLC*, 308 F.Supp.3d 1280, 1288 (N.D. Ga. 2018).

Mere knowledge of corporate practices without evidence the specific individual participated directly in the practice or had the authority to control the corporate practices is not sufficient to create individual liability for any individual defendant in this matter. *See On Point Capital Partners*, 17 F.4th at 1083 (individual defendant was Chairman of the Board of Directors, major financial

investor and had approval rights over many day to day operations; *e.g.* Jerry Robinson). Authority to control must be established by evidence of active involvement in the business affairs and the making of corporate policy related to the deceptive conduct. *See FTC v. IAB Marketing Associates, L.P.*, 746 F.3d 1228, 1233 (11th Cir. 2014); *Hornbeam Special Situations*, 308 F.Supp.3d at 1288. The FTC must then establish through admissible evidence knowledge of the individual defendant of the deceptive conduct; was recklessly indifferent to its deceptiveness or had an awareness of a high probability of deceptiveness and intentionally avoided learning the truth. *See FTC v. Primary Group, Inc.*, 713 Fed.Appx. 805, 807 (11th Cir. 2017); *Hornbeam Special Situations*, 308 F.Supp.3d at 1288; *FTC v. National Urological Group*, 645 F.Supp.2d 1167, 1207 (N.D. Ga. 2008). Under this standard mere negligence of an individual defendant is not enough for liability under the FTC Act or ROSCA.

To date the FTC has simply sought to lump together the individual defendants to establish some sort of "group think" individual liability. Based on the legal standards applicable to this case and what will likely be the admissible evidence before this Court, the FTC cannot carry its burden of proof.

This the 1st day of November 2022.

                HOTCHKISS HOFFECKER PEACOCK, LLC

                /S/ Charles Hoffecker
                Charles Hoffecker
                Georgia Bar No.: 359615
                Attorney for Earl Robinson, Defendant

1201 Peachtree Street, NE
Suite 2000
Atlanta, GA 30361
404-885-7576
chad@hhpatlanta.com

                WEINBERG WHEELER HUDGINS GUNN & DIAL

                /S/ William C. Buhay
                William C. Buhay
                Georgia Bar No.: 093940
                Attorney for James McCarter

3344 Peachtree Road
Suite 2400
Atlanta, GA 30326
404-832-9536
wbuhay@wwhgd.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading was prepared using Times New Roman, 14-point, and otherwise conforms with the requirements of Local Rule 5.1.

This the 1st day of November 2022.

                                                HAYLE HOFFECKER PEACOCK, LLC

                                                /S/ Charles Hoffecker
                                              Charles Hoffecker
                                              Georgia Bar No.: 359615
                                              Attorney for Earl Robinson, Defendant

1201 Peachtree Street, NE
Suite 2000
Atlanta, GA 30361
404-885-7576
chad@hhpatlanta.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served the foregoing Entry of Appearance upon the following by electronically filing the same with the Clerk of the Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all attorneys of record.

This the 1st day of November 2022.

                                          HAYLE HOFFECKER PEACOCK, LLC

                                          /S/ Charles Hoffecker
                                        Charles Hoffecker
                                        Georgia Bar No.: 359615
                                        Attorney for Earl Robinson, Defendant

1201 Peachtree Street, NE
Suite 2000
Atlanta, GA 30361
404-885-7576
chad@hhpatlanta.com