# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　Plaintiff,<br><br>　　v.<br><br>HORNBEAM SPECIAL SITUATIONS,<br>LLC, et al.,<br><br>　Defendants. | Case No. 01:17cv03094-WMR<br><br>**STIPULATED ORDER FOR<br>PERMANENT INJUNCTION,<br>MONETARY JUDGMENT, AND<br>OTHER RELIEF AS TO<br>DEFENDANT MARK WARD** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its

Complaint For Injunctive And Other Equitable Relief, subsequently amended as its

Second Amended Complaint For Injunctive And Other Equitable Relief

("Complaint"), for a permanent injunction, monetary relief, and other relief in this

matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b), 57b, the Restore Online Shoppers' Confidence

Act ("ROSCA"), 15 U.S.C. §§ 8401 et seq., and other authority.  The Commission

and Defendant Mark Ward stipulate to the entry of this Stipulated Order For

Permanent Injunction, Monetary Judgment, And Other Relief As To Defendant

Mark Ward ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

1

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant Mark Ward is individually

liable for violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and ROSCA, 15

U.S.C. §§ 8401 et seq., by Defendants Hornbeam Special Situations, LLC;

Cardinal Points Holdings, LLC; Cardinal Points Management, LLC; and

Gyroscope Management Holdings, LLC.

3.      Defendant neither admits nor denies any of the allegations in the

Complaint, except as specifically stated in this Order.  Only for purposes of this

action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that he may have under the Equal Access

to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through

the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Defendant waives all rights to appeal or otherwise challenge or

contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      "**Charge**" or "**Charging**" means causing Sensitive Personal

Information to be submitted for payment, including against a consumer's credit

card, debit card, bank account, phone bill, or other account, or otherwise attempting to collect money or other consideration.

B.    **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand

it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.    "**Defendant**" means Mark Howard Ward aka Mark Ward.

D.    "**Marketing Affiliate**" means any third party with which Defendant has an agreement, directly or indirectly, under which:

1. Defendant agrees to pay a commission or other compensation,

4

directly or indirectly, to the third party for driving, referring, or providing the information of, customers or potential customers to Defendant; or

2. The third party agrees to pay a commission or other compensation, directly or indirectly, to Defendant for driving, referring, or providing the information of, customers or potential customers to the third party.

E.     "**Negative Option Feature**" means a provision of a contract under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the Negative Option Seller as acceptance or continuing acceptance of the offer, including an automatic renewal.

F.     "**Negative Option Seller**" means the person selling, offering, promoting, charging for, or otherwise marketing goods or services with a Negative Option Feature.

G.     "**Remotely Created Payment Order**" means any check, draft, remotely created check, payment instruction, or payment order, whether in written or electronic format, that is drawn on a payor's account, initiated or created by or on behalf of the payee, and deposited into or cleared through the check clearing system. For purposes of this definition, an account includes any financial account

or credit or other arrangement that allows checks, payment instructions, or orders to be drawn against it that are payable by, through, or at a bank.

H.    **"Sensitive Personal Information"** means any of the following about a consumer:  (a) Social Security number; (b) financial institution account number; (c) credit or debit card information; or (d) any other information by which a consumer's financial account can be accessed, or by which a consumer might be charged for a good or service, including through third parties such as telecommunications carriers.

## ORDER

### I.

IT IS ORDERED that Defendant is permanently restrained and enjoined, in the sale of any good or service, from debiting or attempting to debit, whether directly or through an intermediary, any consumer's bank or financial account using a Remotely Created Payment Order.

### II.

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from the advertising, marketing, promoting, offering for sale, sale, or distribution of, or assisting others in the advertising, marketing, promoting, offering for sale, sale, or distribution of any good or service that involves a Negative Option Feature.

## III.

IT IS FURTHER ORDERED that Defendant and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, promotion, marketing, offering, or sale of goods or services, are permanently restrained and enjoined from:

A. Collecting, purchasing, selling, transferring, or disclosing the Sensitive Personal Information of a consumer to any person, or assisting others engaged in such activity, except as otherwise provided in Sections VI or VII of this Order or in the following situation:  (i) the consumer provides that Sensitive Personal Information to Defendant for the purchase of a specific product or service; (ii) the product or service is marketed alone and not alongside, as part of an upsell to, or otherwise in conjunction with any other product or service; (iii) Defendant has Clearly and Conspicuously disclosed an accurate description of the product or service, including the price, benefits, restrictions, and other material terms; (iv) Defendant has the consumer's express, informed consent for that purchase; and (v) Defendant uses that

information only to the extent necessary to process payment of the

disclosed price for that product or service;

B. Misrepresenting, or assisting others in misrepresenting, expressly

or by implication:

    1.   The amount of any fee, Charge, or bill;

    2.   That a consumer is legally obligated to pay a fee, Charge, or

        bill;

    3.   That consumers purchased or agreed to purchase goods or

        services, and therefore owe money to Defendant;

    4.   That consumers authorized the debit from their bank or

        financial accounts; or

    5.   Any other fact material to consumers concerning any good

        or service, such as:  any material restrictions, limitations, or

        conditions, or any material aspect of its performance,

        efficacy, nature, or central characteristics; and

C. Failing to take steps sufficient to monitor and ensure that all

Defendant's independent contractors and Marketing Affiliates

comply with the requirements of Sections III.A-B with respect to

any sales or marketing related to Defendant's agreements with

them.  Such steps shall require, at a minimum, that prior to

Defendant's acceptance of any prospective independent contractor or Marketing Affiliate, Defendant shall:

1. Provide the independent contractor or Marketing Affiliate with a copy of this Order;

2. Obtain a signed and dated acknowledgement from the independent contractor or Marketing Affiliate in which they:

    i. Acknowledge receipt of this Order;

    ii. Expressly agree to distribute a copy of this Order to the independent contractor's or Marketing Affiliate's owners, managers, and division heads;

    iii. Expressly agree to comply with the terms of Sections III.A-B; and

    iv. Expressly acknowledge that this Order bans Defendant, whether acting directly or indirectly (including through independent contractors or Marketing Affiliates), from engaging in the activities described in Sections I-II;

3. Provide written notice to independent contractors and Marketing Affiliates that failing to comply with the terms of Sections III.A-B will result in immediate termination of

Defendant's agreement with the independent contractor or
Marketing Affiliate and the forfeiture of all monies earned
or owed; and

4. Terminate any independent contractor or Marketing Affiliate
that fails to comply with the terms of Sections III.A-B of
this Order.

## IV.  MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of one million, three hundred forty thousand,
six hundred six dollars and eighty-five cents ($1,340,606.85) is entered in favor of
the Commission against Defendant, jointly and severally, as monetary relief.

B.     The judgment is suspended, subject to the Subsections below.

C.     The Commission's agreement to the suspension of the judgment is
expressly premised upon the truthfulness, accuracy, and completeness of
Defendant's sworn financial statements and related documents (collectively,
"financial representations") submitted to the Commission, namely:

1.     the Financial Statement of Individual Defendant Mark Ward
signed on December 19, 2022, including the attachments;

2.     the Financial Statement of Individual Defendant Mark Ward
signed on November 24, 2023, including the attachments; and

3.    the Financial Statement of Individual Defendant Mark Ward

signed on December 18, 2023.

D.    The suspension of the judgment will be lifted as to Defendant if, upon

motion by the Commission, the Court finds that Defendant failed to disclose any

material asset, materially misstated the value of any asset, or made any other

material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes

immediately due as to Defendant in the amount specified in Subsection A above

(which the parties stipulate only for purposes of this Section represents the

consumer injury alleged in the Complaint), less any payment previously made

pursuant to this Section, plus interest computed from the date of entry of this

Order.

## V.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Defendant relinquishes dominion and all legal and equitable right,

title, and interest in all assets transferred pursuant to this Order and may not seek

the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without

further proof, in any subsequent civil litigation by or on behalf of the Commission,

including in a proceeding to enforce its rights to any payment or monetary

judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Defendant acknowledges that his Taxpayer Identification Number (Social Security Number or Employer Identification Number), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.    All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Defendant has no

right to challenge any actions the Commission or its representatives may take

pursuant to this Subsection.

## VI.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, and all other persons or

entities, in active concert or participation with him, who receive actual notice of

this Order, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the

Commission to efficiently administer consumer redress.  If a representative of the

Commission requests in writing any information related to redress, Defendant must

provide it, in the form prescribed by the Commission, within 14 days.

B.      Disclosing, using, or benefitting from customer information, including

the name, address, telephone number, email address, Social Security number,

Sensitive Personal Information, other identifying information, or any data that

enables access to a customer's account (including a credit card, bank account, or

other financial account), that any Defendant obtained prior to entry of this Order;

and

C.      Failing to destroy such customer information in all forms in their

possession, custody, or control within 30 days after receipt of written direction to

do so from a representative of the Commission.

13

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.  COOPERATION

IT IS FURTHER ORDERED that Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant must provide truthful and complete information, evidence, and testimony.  Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 20 years after entry of this Order, Defendant, for any business that

14

he is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives with managerial responsibilities; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.    One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the

activities of each business, including the goods and services offered, the

means of advertising, marketing, and sales, and the involvement of any other

defendant named in this action (which Defendant must describe if he knows

or should know due to his own involvement); (d) describe in detail whether

and how Defendant is in compliance with each Section of this Order; and (e)

provide a copy of each Order Acknowledgment obtained pursuant to this

Order, unless previously submitted to the Commission.

2.      Additionally, Defendant must:  (a) identify all telephone

numbers and all physical, postal, email, and Internet addresses, including all

residences; (b) identify all business activities, including any business for

which Defendant performs services whether as an employee or otherwise

and any entity in which Defendant has any ownership interest; and (c)

describe in detail Defendant's involvement in each such business, including

title, role, responsibilities, participation, authority, control, and any

ownership.

B.      For 20 years after entry of this Order, Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any change

in the following:

1.      Defendant must report any change in:  (a) any designated point

of contact; or (b) the structure of any entity that Defendant has any

ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing,

17

all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The

subject line must begin:  *FTC v. Hornbeam* X170047.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for

20 years after entry of the Order, and retain each such record for 5 years.

Specifically, Defendant, for any business that he is a majority owner or controls

directly or indirectly, must create and retain the following records:

A.     Proof of consumers' express informed consent for the transfer or other

disclosure of their Sensitive Personal Information, which includes the consumer's

name; the manner, time, place, and method of the authorization; the consumer's

express agreement to the debit for the purchase of the specified product or service;

and sufficient data to readily show the complete consumer experience;

B.     accounting records showing the revenues from all goods or services

sold;

C.     personnel records showing, for each person providing services,

whether as an employee or otherwise, that person's:  name; addresses; telephone

numbers; job title or position; dates of service; and (if applicable) the reason for

18

termination;

D.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.      a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of

the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 5th **day of** January , 202 4 .

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

20

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION**


_____          Date: _12/22/2023_____
KORIN EWING FELIX
HONG PARK
PHILIP Z. BROWN
BENJAMIN J. THEISMAN
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-3556 (Felix), -2158 (Park);
-2979 (Brown); -2223 (Theisman)
kfelix@ftc.gov, hpark@ftc.gov,
pbrown1@ftc.gov; btheisman@ftc.gov


**DEFENDANT MARK WARD:**


_____          Date: _12/19/23_____
Mark Ward, *pro se*
*In his individual capacity*